UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GREGORY CHARLES ROYAL,
507 Roosevelt Blvd. C-220
Falls Church, VA 22044
202 302 6703
                Plaintiff,

v.

PETE SAYNER,
908 State Street
La Crosse, WI 54601

BONNIE SACIA
333 Vine Street
Mediation and Family Court Services
La Crosse, WI 54601

SUSAN ERLANDSON
333 Vine Street
Mediation and Family Court Services
La Crosse, WI 54601

AKA CUSTODY ASSESSMENT TEAM
AKA CAT

                Defendants.

Case: 1:07-cv-02161
Assigned To : Bates, John D.
Assign. Date : 11/30/2007
Description: Civil Rights-Non. Employ.


JURY ACTION

## COMPLAINT

### I. INTRODUCTION

1. This action arises from an alleged breach of contract/agreement for services in which Defendant's were to issue in a report, specific dates of visitation and contact between Plaintiff and his children and to mandate methods to resolve disputes between Plaintiff and his children's mother for the purpose of reducing the use of courts to resolve issues between Plaintiff and his children's mother. Plaintiff's claims

RECEIVED
NOV - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Defendant's report is independent

## II. THE PARTIES

2. Plaintiff pro se, Gregory Charles Royal is a Washington, DC resident temporarily residing in Falls Church, VA and is married to Susan Veres Royal, the stepmother of his two children Jaidan Royal 10, and Tanner Royal, 8. Plaintiff's DC address from July 2004 to July 2007 was 262 16th Street SE #3 Washington, DC 20003.

3. Defendants Pete Sayner, Bonnie Sacia and Susan Erlandson, aka Custody Assessment Team, aka CAT, do business in La Crosse, Wisconsin. CAT according to Plaintiff's knowledge, is not a state, city, or county government agency nor a legal entity. It is also unclear if defendants, who were paid by Plaintiff, were government employees within the scope of this dispute.

## III. PERSONAL AND SUBJECT MATTER JURISDICTION

4. Pursuant to the District of Columbia's Long Arm Statutes, this court has specific jurisdiction over all defendants because their alleged acts involved interstate custody rights of Plaintiff, a legal resident of Washington, DC during the claim period, and his children who when with him, were also domiciles of Washington, DC.

5. This court has subject matter jurisdiction in this matter because the amount in question exceeds $75,000; the claim alleges discrimination based on sex and race; and that remedies under Section 908 of the La Crosse County (Wisconsin) Circuit Court Rules only applies to reviews of *court orders* which *result* from CAT Recommendations.

## IV. SUMMARY OF RELEVANT FACTS

1. At or around May 2007, La Crosse County Circuit Court appointed Pete Sayner as a guardian ad litem (GAL) in a bitter custody/placement dispute in case number La Crosse County Circuit Court case No.01FA-638 in which Plaintiff is a Respondent.

Neither Plaintiff or his children's mother reside in the state of Wisconsin

2. At or around May, 2007 Sayner contacted Plaintiff and urged him to forego his GAL appointment costing $2,200.00 and instead hire a Custody Assessment Team (CAT) for a total cost of $4,400.00 to allegedly save Plaintiff overall costs of having Sayner hire separately, various necessary professionals. Plaintiff agreed and hired the CAT which was organized by Sayner and consisted of Sayner GAL, Bonnie Sacia Child Custody Evaluator, and Susan Erlandson Child Development Specialist.

3. To Plaintiff's knowledge CAT is neither a private nor governmental agency but a term used for the purpose of quantifying a set fee for custody evaluations in La Crosse County.

4. The duties of CAT as explained to Plaintiff at his first session at or around June, 2007 were not consistent with the hiring of necessary professionals as explained earlier by Sayner- as the duties appeared redundant and/or unnecessary with respect to Sayner and Sacia.

5. During the initial contacts with Sayner and culminating with the CAT report issued October 2, 2007, CAT, as stated in that report, asserted that: "The issues from the Team's perspective are to set a visitation schedule that provides Greg with frequent meaningful periods of visitation and contact based on what is in the children's best interest as well as taking into account the geographical distance between the parents and mandating a method to resolve disputes between the parties that hopefully, reduces the number and frequency of the use of court to resolve these issues."

6. Additionally, as required by statute, Sayner's initial appointment was due to allegations by Plaintiff concerning his children's mother's mental health history, which included hospitalization and several alleged corresponding behaviors against Plaintiff.

7. To Plaintiff's knowledge, none of the Defendant's were mental health professionals certified and/or qualified to evaluate Plaintiff or his children's mother.

8. During a period from May through August, 2007, CAT interviewed Plaintiff a total

of two times, both in La Crosse Wisconsin and for a period of about 2 hours each time.

9. During this same period, Plaintiff and/or his wife (stepmother) were never successfully interviewed or observed with their children due to the fact that Sayner and Sacia never participated in a session and that Susan Erlandson suffered a diabetic seizure and exhibited strange behaviors leading up to that seizure, during the only scheduled session.

10. Ms. Erlandson's failure to properly manage her disease resulted in a fairly big scene in front of the children, requiring ambulatory care and consisted of outbursts toward Plaintiff during the session in which Erlandson was beligerent and repeatedly tried to refuse care and continue with the evaluation.

11. The dispute between the parties, of which CAT was employed to investigate, arose primarily from Plaintiff being denied home placement with his children in Washington, DC for about one year and difficulties getting placement for months prior to that. The children's mother alleged that a separation anxiety with son Tanner justified her withholding placement for both children. Plaintiff alleged that his son's anxiety, as determined by a psychological evaluation conducted in Washington, DC, did not rise to a level which would prohibit travel to Plaintiff's home in Washington, DC and that the mother's withheld placement was a convenient excuse to punish Plaintiff for his marriage to Susan Veres- especially because the mother had never sought treatment for Tanner. Additionally Plaintiff cited a time line of events and historical behaviors by the mother against him which included false allegations to the police involving sexual assault and murder threats which were either dismissed or not pursued due to exculpatory evidence.

12. Realizing the historic volatility and absolute breakdown of communication between the parents as evidenced by the extensive court record, emails, testimony, etc. CAT promised that the report would mandate specific dates of placement with no 'wiggle room" and other safeguards as explained in paragraph 5, to alleviate decision making between the parties.

13. In the best interest of the children, CAT also promised, as set forth in paragraph 5, to issue a protocol that addressed future disputes regarding the withholding of placement due to children's mental health or other issues.

14. Other issues to be resolved in the report were to include the assurance of private telephone conversations between Plaintiff and children and resolving disputes regarding the children's major activities- which had become unilaterally decided by the mother, but prior to the dispute, were bilaterally decided. Also that because daughter Jaidan was not the subject of any anxiety, a placement schedule that did not penalize her needs unfairly.

15. CAT issued its report without providing any opportunity for the parties to preview and correct any potential errors or omissions.

16. CAT issued a report on October 2, 2007 which failed to include promised components as described in paragraphs 5-14., including several unspecified dates and travel stipulations which require the dispute parties to engage in negotiation.

17. Upon CAT's failure to include promised components within its report, Plaintiff requested that CAT, on its own accord, correct deficiencies which CAT refused to do.

18. CAT, as part of its investigation, was also compelled to do background investigations on all of the parties including Plaintiff, his wife, the mother's children and her boyfriend whom the children were moving in with. The purpose of the investigation was to determine the fitness of the participants to determine, in the best interest of the children, the amount of physical placement.

19. All of the dispute parties are college graduates and Caucasian with the exception of Plaintiff who is a college graduate and African-American.

20. CAT are all Caucasian.

21. During the CAT investigation Plaintiff was adamant about characterizations by children's mother during the course of several false allegations with law enforcement,

that he was an aggressive, threatening Black man.

22. During the CAT investigation Plaintiff was adamant about concerns brought to his attention by his children concerning their racial identity at school and with friends. Plaintiff implored CAT to consider the need for him to be physically in their lives especially as they were in or approaching middle school.

23. CAT report does not address or mention race or racial concerns whatsoever, not even the racial make-up of the parties.

24. CAT has made repeated comments in its report and verbally that Plaintiff is bright. and to Plaintiff's knowledge, towards none of the other participants.

25. CAT has made repeated unfounded comments in its report and verbally that Plaintiff is threatening, overwhelming and chaotic.

26. CAT has made unfounded comments to Plaintiff that he suffers from Attention Deficit Disorder (ADD) and should seek medical help.

27. CAT has made repeated implicit comments in its report that the children's mother is a victim of Plaintiff and characterizes her lying as "avoidance" and condones her illicit withholding of placement from Plaintiff but is silent on the fact that she never sought treatment for son Tanner.

28. CAT never addresses children's mother's aggressive use of law enforcement and false statements against Plaintiff or that she initiated the dispute by filing a contempt motion and successfully obtained an ex-parte order to have children removed from Plaintiff by police.

29. CAT in its report makes mention for visits only with Caucasian grandparents, including step-grandparents, with no mention or consideration for children's Black grandparents.

30. CAT makes false or misconstrued statement regarding Plaintiff's relationship with

son Tanner as witnessed by his teachers to help justify a sparse placement schedule. Tanner's teacher, upon learning of the statement, issued a statement that her positive statements had been omitted.

31. CAT issues derogatory statements regarding their observation of Plaintiff and children's play time which could have only been seen by Erlandson who was suffering from the effects of a seizure.

32. CAT in addition to misspelling daughter Jaidan's name throughout the report, misstates the children's grade levels as fourth and second as opposed to fifth and third.

33. CAT team received $4,400 for an grossly insufficient, erred, biased and discriminatory report that does not resolve the very issues for which CAT was hired and is accordingly, not in the Plaintiff's children's best interest

34. That CAT report cannot reasonably be used as a document by Plaintiff in future litigation which will reasonably arise.

35. Pursuant to Section 908 of the La Crosse County Circuit Court Rules, Plaintiff must ironically pay an additional $5,000 to contest the CAT Recommendation as a component of Plaintiff's ongoing custody dispute- which represents CAT's hourly fees so that CAT may prepare for trial.

36. Based upon the dispute parties' level of current and past conflict, Plaintiff will undoubtedly have to continue to engage in expensive future litigation to resolve issues which should have been resolved in the CAT report for years to come.

## CLAIMS

CAT, which issues reports for all contested placement cases in the county of La Crosse, has a fiduciary responsibility to issue honest relevant reports which protect children's interests and promote the state's public policy generally. Because of the special nature of their business, and the guarantee of their payments as provided in

local court rules, their failure, as set forth in the claims below, warrants punitive and other damages.

**COUNT ONE-** BREACH OF PROMISE/CONTRACT

**COUNT TWO-** GROSS NEGLIGENCE

**COUNT THREE-** FAILURE TO FULLFILL FIDUCIARY RESPONSIBILITY TO MINOR CHILDREN

**COUNT FOUR-** UNJUST ENRICHMENT

**COUNT FIVE-** DISCRIMINATION BASED ON GENDER

**COUNT SIX** -DISCRIMINATION BASED ON RACE

**Plaintiff incorporates paragraphs 1-36**

## DAMAGES

General, Punitive, Compensatory, Special and Future damages on all counts in the amount of $100,000 thousand dollars.

WHEREFORE, Plaintiff requests the following relief:

1. For damages in the sum of $100,000 thousand dollars or such greater sum as shall be found to have been caused by Defendants.

2. For costs of suit and such other relief as the court shall deem proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on each of the counts.

Respectfully Submitted,

Gregory Charles Royal
507 Roosevelt Blvd. C-220
Falls Church, VA 22044
(202)302-6703

L
07-2161
JDB

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gregory Charles Royal | Pete Sayner, et al., |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888 (EXCEPT IN U.S. PLAINTIFF CASES) Pro Se (NP) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

Case: 1:07-cv-02161
Assigned To : Bates, John
Assign. Date : 11/30/2007
Description: Civil Rights-Non. Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| Real Property<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

O

|  ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☒ 445 American w/Disabilities- Employment <br> ☐ 446 Americans w/Disabilities- Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ 100,000  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO  If yes, please complete related case form.

DATE 11/30/07  SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd