**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GREGORY C. ROYAL** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Case No.: 07-2161 JDB |
| | : | |
| **PETE SAYNER, et al** | : | |
| | : | |
| Defendants | : | |

**ANSWER OF BONNIE SACIA, SUSAN ERLANDSON**
**and the CUSTODY ASSESSMENT TEAM**

Bonnie Sacia, Susan Erlandson and the Custody Assessment Team ("CAT"), by their attorneys, Crivello Carlson, S.C. and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, L.L.P., answer the Plaintiff's Complaint as follows:

**Section I- Introduction**

1. Answering ¶ 1, deny that the Plaintiff's rights were violated or infringed upon by these answering defendants; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

**Section II – The Parties**

2. Answering ¶ 2, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

3. Answering ¶ 3, admit Bonnie Sacia and Susan Erlandson provided services through a custody assessment team; as further answer, deny Plaintiff's description of CAT and

these answering defendants' role within CAT is either complete or correct; as further answer, deny.

**Section III – Personal and Subject Matter Jurisdiction**

4. Answering ¶ 4, deny and affirmatively allege that this Court does not have personal jurisdiction over these answering defendants.

5. Answering ¶ 5, admit that this Court has federal question and diversity jurisdiction in accordance with 28 U.S.C. § 1331 and 1332 but deny the matter in controversy exceeds the sum or value of $75,000.00 and deny that the Plaintiff's rights were violated or infringed upon by these answering defendants; as further answer, deny.

**Section IV – Summary of Relevant Facts**

1. Answering ¶ 1, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

2. Answering ¶ 2, admit Bonnie Sacia and Susan Erlandson provided services through a custody assessment team; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

3. Answering ¶ 3, deny Plaintiff's description of CAT is either complete or correct; as further answer, deny.

4. Answering ¶ 4, admit Bonnie Sacia and Susan Erlandson provided services through a custody assessment team; as further answer, deny Plaintiff's description of CAT and these answering defendants' role within CAT is either complete nor correct; as further answer,

lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

5. Answering ¶ 5, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon; as further answer, deny Plaintiff's description of the report is either complete or correct.

6. Answering ¶ 6, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon; as further answer, deny Plaintiff's description of events is either complete or correct.

7. Answering ¶ 7, deny Plaintiff's description is either complete or correct; as further answer, deny and affirmatively allege that these answering defendants qualifications were consistent with standards of the circuit court.

8. Answering ¶ 8, deny Plaintiff's description of events is either complete or correct.

9. Answering ¶ 9, admit Ms. Erlandson is an insulin dependent diabetic; as further answer, deny Plaintiff's description of events is either complete or correct.

10. Answering ¶ 10, deny Plaintiff's description of events is either complete or correct.

11. Answering ¶ 11, deny Plaintiff's description is either complete or correct; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

12. Answering ¶ 12, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon; as further answer, deny Plaintiff's description of these answering defendants and their report is either complete or correct.

13. Answering ¶ 13, admit these answering defendants acted in the best interests of the children; as further answer, deny Plaintiff's description of these answering defendants' role and their report is either complete or correct.

14. Answering ¶ 14, deny Plaintiff's description of these answering defendants' role and their report is either complete or correct; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

15. Answering ¶ 15, deny Plaintiff's description of events is either complete or correct.

16. Answering ¶ 16, deny Plaintiff's description of the report and of events is either complete or correct.

17. Answering ¶ 17, deny Plaintiff's description of the report and of events is either complete or correct; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

18. Answering ¶ 18, deny Plaintiff's description of these answering defendants' role and their report is either complete or correct; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

19. Answering ¶ 19, admit that Plaintiff is an African American; as further answer, admit these answering defendants are Caucasian; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

20. Answering ¶ 20, admit.

21. Answering ¶ 21, deny Plaintiff's description of events is either complete or correct.

22. Answering ¶ 22, deny Plaintiff's description of events is either complete or correct.

23. Answering ¶ 23, deny Plaintiff's description of the report is either complete or correct.

24. Answering ¶ 24, deny Plaintiff's description of the report is either complete or correct; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

25. Answering ¶ 25, deny Plaintiff's description of the report is either complete or correct.

26. Answering ¶ 26, deny Plaintiff's description of events is either complete or correct.

27. Answering ¶ 27, deny Plaintiff's description of the report is either complete or correct.

28. Answering ¶ 28, deny Plaintiff's description of the report or of events is either complete or correct.

29. Answering ¶ 29, deny Plaintiff's description of the report is either complete or correct.

30 Answering ¶ 30, deny Plaintiff's description of the report or of events is either complete or correct.

31. Answering ¶ 31, deny Plaintiff's description of the report or of events is either complete or correct.

32. Answering ¶ 32, deny Plaintiff's description of the report is either complete or correct.

33. Answering ¶33, deny Plaintiff's description of the report, of events or of these answering defendants' role is either complete or correct.

34. Answering ¶ 34, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon; as further answer, deny Plaintiff's description of the report is either complete or correct.

35. Answering ¶ 35, deny Plaintiff's description of Section 908 of the La Crosse County Circuit Court Rules is either complete or correct; as further answer, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon.

36. Answering ¶ 36, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to his proof thereon; as further answer, deny Plaintiff's description of the report is either complete or correct.

**Claims**

Answering the unnumbered paragraph under the section entitled "Claims" and the sub-paragraphs enumerated as Count I through County VI, deny; as further answer, deny that the Plaintiff's rights were violated or infringed upon by these answering defendants.

**Damages**

Answering the unnumbered paragraph under the section entitled "Damages," deny.

### **AFFIRMATIVE DEFENSES**

As and for affirmative defenses, these answering defendants submit the following:

a. the injuries and damaged sustained by the plaintiff, if any, were caused in whole or in part by his own acts or omissions and his failure to mitigate;

b. the injuries and damages sustained by the plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than these answering defendants;

c. these defendants are immune from liability under common law immunities including judicial immunity, statutory immunities and qualified immunity;

d. to the extent that the plaintiff presents claims under Wisconsin law, they are subject to the limitations, immunities and notice provisions contained within Wisconsin Statutes § 893.80;

e. the plaintiff has failed to exhaust avenues for relief available in forums other than a United States Federal District Court;

f. plaintiff's claims are barred by applicable statutes of limitations;

g. plaintiff's complaint contains claims which fail to state a claim upon which relief may be granted as against these answering defendants;

h. this action may not have been brought in a venue in accordance with 28 U.S.C. § 1391, and in accordance with 28 U.S.C. § 1404 the district court should transfer this action to any other district court where it might have been brought for the convenience of parties and witnesses;

i. there has been a failure to properly and timely serve each defendant with process in this case such that this court lacks jurisdiction;

j.  plaintiff's claims are in violation of the <u>Rooker-Feldman</u> doctrine;

k.  plaintiff's claims are barred by the principles of issue preclusion (collateral estoppel) and claim preclusion (res judicata); and

l.  this court does not have personal jurisdiction over these answering defendants.

m.  the defendant "Custody Assessment Team" is not a legal entity subject to suit.

WHEREFORE, these answering defendants respectfully requests judgment as follows:

a.  for a dismissal of the plaintiff's complaint upon its merits;

b.  for the costs and disbursements of this action;

c.  for reasonable, actual attorneys fees pursuant to 42 U.S.C. § 1988;

d.  for such other relief as this court deems just and equitable.

**WE HEREBY REQUEST A TRIAL BY JURY.**

Dated this 9<u>th</u> day of January, 2008.

>   ATTORNEYS FOR BONNIE SACIA, SUSAN ERLANDSON, and the CUSTODY ASSESSMENT TEAM
>
>   DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, L.L.P
>
>   BY:  /s/
>   Thomas L. Doran (D.C. Bar No. 372030)
>   DeCaro, Doran, Siciliano, Gallagher & DeBlasis, L.L.P.
>   4601 Forbes Boulevard, Suite 200
>   Lanham, Maryland 20706
>   Direct: 301/306-4314
>   Fax: 301/306-4988
>   Email: tdoran@decarodoran.com
>
>   CRIVELLO CARLSON, S.C.
>   Raymond J. Pollen
>   State Bar No. 1000036
>   Remzy D. Bitar
>   State Bar No. 1038340
>   710 North Plankinton Avenue
>   Milwaukee, WI 53203
>   414-271-7722

Phone: 414-271-7722
Email: rpollen@crivellocarlson.com
rbitar@crivellocarlson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of January, 2008, a copy of the foregoing Answer was forwarded via Electronic Case Filing and postage prepaid, via First Class mail, to:

Gregory Charles Royal
507 Roosevelt Boulevard
# C-220
Falls Church, Virginia  22044
Plaintiff, Pro Se

Mark G. Chalpin, Esquire
1509 Woodwell Road
Silver Spring, MD 20906
Counsel for Defendant Pete Sayner


 /s/
Thomas L. Doran