**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**GREGORY C. ROYAL,**

    **Plaintiff,**

    **v.**

**PETE SAYNER, et al.,**

    **Defendants.**

---

**Civil Action No.  07-2161 (JDB)**

**FILED**

**JAN 2 3 2008**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

## ORDER

The instant action initiated by plaintiff Gregory C. Royal against defendants Pete Sayner, Bonnie Sacia, Susan Erlandson, and the Custody Assessment Team arises from an alleged breach of contract regarding a custody assessment report to be used in an ongoing matter before the La Crosse County Circuit Court in Wisconsin.  Compl. ¶ 1.  Defendants conduct business in La Crosse, Wisconsin, and the parties' interactions occurred in La Crosse, Wisconsin.  Id. ¶¶ 3, 8.  As plaintiff resides in Virginia, it appears that neither the events nor the parties have any connection with this jurisdiction.  As an affirmative defense in their answer, three defendants flagged this issue and asserted that "this action may not have been brought in a venue in accordance with 28 U.S.C. § 1391" and that transfer under 28 U.S.C. § 1404 may be appropriate.  Answer at 7.

Because the complaint revolves around claims and parties that are based in Wisconsin and because questions arose as to whether this action had been initiated in an appropriate forum, this Court issued an order on January 11, 2008, directing plaintiff to show cause as to why the complaint should properly be heard in this jurisdiction and should not be transferred to the United

-1-

States District Court for the Western District of Wisconsin. Plaintiff responded on January 17, 2008, and did not object to this case being transferred.

The relevant statutory provision, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this provision is to prevent the waste of time and money, and to protect the parties, witnesses and the public against unnecessary prejudice, inconvenience or expense. See, e.g., Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). The relevant events all seem to have occurred in Wisconsin, where most parties are located.

Accordingly, upon consideration of the entire record herein, and noting plaintiff's lack of objection, it is hereby

**ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED**.

_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge

Date: January 23, 2008

-2-

Copies to:


GREGORY CHARLES ROYAL
507 Roosevelt Blvd.
C-220
Falls Church, VA 22044


MARK G. CHALPIN, ESQ.
1509 Woodwell Road
Silver Spring, MD 20906-2047


THOMAS LEO DORAN
DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, LLP
P.O. Box 40
4601 Forbes Boulevard
Suite 200
Lanham, MD 20703-0040